IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP -7  P 4: 12

CLERK F. LaVictoire
SO. DIST. OF GA.

| | |
|---|---|
| LOTOYA E. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV505-048 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold, Jr. ("the ALJ" or "ALJ Gold") denying her claim for Dependent Adult Childhood Disability Benefits and Supplemental Security Income payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed applications for Dependent Adult Childhood Disability and Supplemental Security Income Benefits on April 15, 2003, alleging that she became disabled on April 1, 2000 due to rheumatoid arthritis in her left knee, an enlarged heart, and a heart murmur. (Tr. at 21). After her claims were denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On October 27, 2004, ALJ Gold held a hearing at which Plaintiff testified and was represented by counsel. (Tr. at 20). William Sabo, a vocational expert, was also present but did not testify at this hearing. ALJ

Gold found that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 7).

Plaintiff, born on May 27, 1984, was twenty (20) years old when ALJ Gold issued his decision. She has limited education. (Tr. at 21). She has no vocationally relevant past work experience. (Id.).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. At 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed

disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of April 1, 2000, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 21). At step two, the ALJ determined that Plaintiff has polyarthritis, nausea, vomiting, irritable bowel syndrome (dumping syndrome) and left hip pain, all impairments that are not considered "severe" within the Act. (Tr. at 26). The ALJ also determined that Plaintiff has arthritis in the left knee, an impairment that is considered "severe" within the Act. (Id.). However, the ALJ concluded that Plaintiff's medically determinable impairment did not meet or medically equal a listed impairment. (Id.). At the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work because of her left knee. Finally, ALJ Gold concluded that because Plaintiff could perform the demands of the full range of sedentary work, there are a significant number of jobs existing in the national economy that she could perform. (Tr. at 28). Accordingly, ALJ Gold determined that Plaintiff was not disabled within the meaning of the Act.

3

AO 72A
(Rev. 8/82)

## ISSUES PRESENTED

Plaintiff asserts that the ALJ erred in finding her not disabled because the decision was based on an improper evaluation of the medical evidence and was not supported by substantial evidence. Plaintiff also asserts that the ALJ erred by failing to order a consultative mental evaluation.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate

4

AO 72A
(Rev. 8/82)

standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that the ALJ improperly disregarded testimony of the treating physician in finding Plaintiff able to do medium work. Plaintiff contends that the ALJ wholly disregarded opinions of Dr. Tidmore, Plaintiff's treating physician, that Plaintiff's inflamed knee kept her from being able to do even sedentary work on a regular and sustained basis. Plaintiff also contends that the ALJ improperly found that Plaintiff was not consistent in attending doctors' appointments and in taking medication as prescribed. Finally, Plaintiff alleges that the ALJ erred in failing to order a consultative psychological evaluation as requested by Plaintiff.

I. **The ALJ's Determination That Plaintiff Is Not Disabled Is Based on a Proper Evaluation of the Medical Evidence and Is Supported By Substantial Evidence.**

A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the Commissioner rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

5

In concluding that Plaintiff is not disabled, the ALJ reviewed the medical evidence of record. Here, good cause did exist to justify the ALJ's decision not to rely on Dr. Tidmore's findings. The ALJ found Dr. Tidmore's opinion that Plaintiff cannot work to be contrary to the objective medical evidence. (Tr. at 26). The ALJ stated explicitly that he discounts the opinion of Dr. Tidmore because there is no evidence of the Plaintiff having polyarthritic sites. (Tr. at 25). The ALJ considered the single occasion on which Plaintiff's right hip was affected and noted that it apparently responded to treatment and that x-rays indicated no erosion of the right hip. (Id.). The ALJ observed that nothing else in the record indicates a problem with Plaintiff's right hip. (Id.). Accordingly, the ALJ concluded that the evidence shows that Plaintiff's left knee is her only problem area, and that Dr. Tidmore's diagnosis of polyarthritis and his opinion that Plaintiff cannot work should be wholly disregarded as unsupported by the objective medical evidence. In sum, ALJ Gold had "good cause" not to give Dr. Tidmore's opinion "substantial weight." See Edwards, 937 F.2d 538.

Further, the ALJ's finding that Plaintiff did not fully comply with her various medical treatment plans is supported by substantial evidence. The ALJ noted that Plaintiff failed to show for appointments with Dr. Boswell in October and November of 2000. (Tr. at 22). Thereafter, Plaintiff went over a year without returning to Dr. Boswell for treatment. (Tr. at 23). After a June 2001 consultation with Dr. Boswell, Plaintiff did not return for treatment until October 2001. (Id.). The ALJ observed that on August 19, 2003, the Plaintiff was treated by Dr. Lykens, who had not seen Plaintiff since May of 2000. (Tr. at 24). On May 29, 2003, Dr. Boswell wrote to Plaintiff to inform her that he would no longer treat her because she had not been consistent about keeping follow-up appointments. (Id.). The

ALJ also noted that Plaintiff missed several appointments in 2004 with Dr. Tidmore, and that Dr. Tidmore had opined that he could have prevented her inflammation had she kept her appointments. (Tr. at 25). After considering the foregoing evidence, ALJ Gold concluded that Plaintiff's non-compliance with her treatment regimen is the sole cause of her having repeated left knee arthritis inflammation. (Tr. at 26). It is clear that ALJ Gold considered all of the relevant medical evidence in this case and that his finding that Plaintiff failed to comply with medical treatment regimens is supported by substantial evidence.

## II.   Rejection of Plaintiff's Request for a Consultative Mental Evaluation

The ALJ has a duty to develop the record fully and fairly, Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997), and is required to order a consultative examination where necessary to make an informed decision. Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984). However, an ALJ is not required to order such an independent evaluation where the record is sufficient in and of itself and additional expert testimony is unnecessary. Wind v. Barnhart, 133 Fed. Appx. 684, 693 (11th Cir. 2005).

In this case, the Plaintiff fails to show why an independent psychological evaluation was necessary to fully develop the record with regard to Plaintiff's mental capabilities. There is nothing in the record to indicate that Plaintiff suffered from borderline intellectual functioning. Plaintiff claims that her having left school indicates the need for psychological testing; however, the record indicates that Plaintiff left school due to physical, not mental, impairments (Tr. at 117) and has no problem understanding or communicating (Tr. at 124, 125). Plaintiff was in regular classes in school (Tr. at 168, 409) and was a consistently average student (Tr. at 178). Given these facts and the lack of evidence indicating a need

7

for psychological testing, it is clear that ALJ Gold did not err in failing to order such a consultative mental examination.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 7th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)