FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 SEP 27  PM 4: 48

CLERK _n. Sams_
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

LOTOYA E. YOUNG,        )
                                )
          Plaintiff,      )
                                )
          v.              )        CIVIL ACTION NO.: CV505-048
                                )
JO ANNE B. BARNHART,     )
Commissioner of Social Security,  )
                                )
          Defendant.    )

## O R D E R

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed.  In her Objections, Plaintiff contends that the Administrative Law Judge ("ALJ") erred in relying solely on the opinions of non-examining physicians in making his determination as to Plaintiff's disability.  Plaintiff further contends that the ALJ erred in finding that Plaintiff failed to comply with prescribed treatment plans.

This Court finds that the ALJ's determination of no disability is supported by substantial evidence.  It is clear from the record that the ALJ had "good cause" to discount the opinions of Plaintiff's treating physician, Dr. Tidmore, as contrary to the objective medical evidence.  The ALJ did indeed explicitly articulate the weight given to that opinion and the reason for doing so.  See Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). Furthermore, the ALJ did not rely solely on the opinions of the non-examining agency

AO 72A
(Rev. 8/82)

physicians in making the determination that Plaintiff is not disabled. Rather, the ALJ considered all of the medical evidence of record and based his determination of no disability on Plaintiff's testimony as to her symptoms, the contrary objective evidence in her medical records, and the agency consultant opinions.

Furthermore, the ALJ's finding that Plaintiff failed to comply with her treatment plans is supported by the evidence. Although Plaintiff contends that there was no investigation into Plaintiff's non-compliance with prescribed treatment and that the ALJ's determination on this point is "vague," the non-compliance is clearly demonstrated by the progress notes of Plaintiff's treating physicians, as discussed by the ALJ in the evaluation of the medical records. Thus, there was substantial evidence to support the finding that Plaintiff failed to follow her prescribed course of treatment and that, had she done so, deteriorations in her condition could have been prevented.

Additionally, although an individual can be denied benefits under 20 C.F.R. § 404.1530 based on non-compliance with prescribed treatment that would have restored the ability to work, the ALJ in this case did not root his decision to deny benefits on Plaintiff's failure to follow treatment plans. Instead, the ALJ apparently did not find Plaintiff's condition to be disabling with or without treatment. The ALJ's finding of non-compliance with prescribed treatment was discussed in the context of discounting a medical source. It was not a finding solely relied upon by the ALJ in making the determination of no disability. As previously discussed, the ALJ relied on the entirety of the medical evidence, the agency consultant opinions, and on Plaintiff's own testimony in determining that her functional limitations are not disabling.

2

AO 72A
(Rev. 8/82)

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**.  The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this _27th_ day of _SEPTEMBER_, 2006.


WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)